Nash, C. J.
 

 Several interesting questions are presented by this case.
 

 First:
 
 Can an executor give a qualified assent to a legacy?
 

 Secondly:
 
 "Where there are several legatees, who are interested in a joint fund, can the executor give a conditional assent to the legacy to one, and refuse it to another 2
 

 A bequest, properly made in a will, vests in the legatee upon the death of the testator, but he cannot take possession until the executor gives his assent. It is necessary that the legal estate should remain in the executor, as the personal property of the deceased constitutes, in general, the primary fund for the payment of the debts of the testator. 'Ey our law, the executor has two years to. settle up the estate. Upon the first point, Mr. Williams, in his 2d vol. of the Law of Ex’rs., 848, is very explicit. After expounding the law concerning the executor’s assent to a legacy,, he says: “The assent of the executor may be upon a condition precedent, as if he should tell the legatee that he will pay the legacy, provided the assets are sufficient to answer all demands; or in case of a devise of a term of years, provided the legatee will pay the rent in arrear at the testator’s death. And in either case, if
 
 *506
 
 the condition be not performed, there is no assent.” Eor this, lie cites Wentwortli’s Office of Executor, 429 — the 14th edition —a work of the highest authority.
 

 But, to this principle, there is a reservation that the condition must be such as the executor has authority to impose; as, if he declare his assent, provided the legatee should go to some particular place, to perform some business for the executor’s personal benefit, the assent would be considered absolute. So, if the assent be on a condition subsequent; as, provided the legatee will pay the executor a certain sum annually, such condition is void, and a failure in performing it shall not divest the legatee of his legacy. So, where a man devises a term to J. S., and the executor assent that J. S. and J. W. shall have the term; here J. S. shall have the term absolutely and solely. 4 Coke’s Rep. 28. Lord CoKra, in the same place, says “ or that J. S. shall have it on condition,” it is an absolute assent. lie evidently means such a condition as is annexed to the assent to the devise to J". S. — namely, any condition which the executor has no authority to make. In this light, Mr. Williams considers the expression of Lord Ooee, for he cites him as authority for the exception which he states as to conditional assents by the executor.
 

 Let us, now, bring our case to the test of the enactment of our law upon the subject. By the 18th sec. of the 46th chap; Rev. Statutes, it is made the duty of the executor to pay over to the legatees, or distributees of a deceased person, after the expiration of two years from the granting of the letters testamentary, all the personal estate to which they are entitled, “ such person, or persons, or some other for them, giving bond with two or more able sureties, that if any debt, &c., they shall respectively refund, and each pay his, or her, rateable part, &c.” By this act it is made the duty of the executor, before assenting to a legacy, or to legacies, to take from each legatee a refunding bond; and this is as well for the security of the executor, himself, as for that of the creditors of the deceased. The administrator here, after the commissioners had divided the negroes, as stated in the case, had a right to
 
 *507
 
 retain them in Ms possession until the several legatees, to whom they were respectively allotted, should give refunding bonds as required by law. It is stated in the case, that all the distributees complied with the condition, and received their shares of the negroes, except John Kelly, who never gave a refunding bond; and until he does so, the slaves allotted to him, still remain in the legal possession of the administrator, for he has not assénted to the distributive share, the condition not being complied with.
 

 As to the second question: A general assent, by an executor to one of two legatees of a specific property, is an assent to both, as if a lessor for years bequeath the rent to A, and the land to B, an assent to one is an assent to both. See 2 Wm’s. •on Ex’rs:, 488; Roper on Legacies, 788. Here the distributees were tenants in common of the slaves, and while so, ail assent by the administrator, to one of the tenants, would have inured to the benefit of all. But after the division by the commissioners, the tenancy in common was severed, and each distributee acquired a right to the. slaves allotted to him, still leaving, to the administrator his right to object to any of the distributees taking possession of those allotted to him, until he had complied with the requirements of the law. It was, therefore, not in the power of the Court to give the jury the 2nd and 3rd instructions as requested by the defendant’s counsel.
 

 The statute of limitations cannot avail the defendant; for until John Kelly complied with the condition upon which the negroes went into his possession, he was the bailee of the plaintiff, and as he lived with the defendant Johnston, the possession of Kelly was his possession.
 

 Pee CubiaM, There is no error; and the judgment is affirmed.